1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHELBY BENNETT,

          Plaintiff,

   v.

BED BATH AND BEYOND, INC, et al.,

          Defendant.

_____/

No. C 11-02220 CRB

**ORDER GRANTING MOTION TO TRANSFER**

     This is one of several cases in California alleging that Bed Bath and Beyond ("BBB") violated the Song-Beverly Act by recording customers' ZIP codes while completing the customers' credit card transactions.  See Cal. Civ. Code § 1747.08.[1]  Presently before the Court is BBB's Motion to Dismiss, Stay, or Transfer this action pursuant to the first-to-file doctrine.  Dkt. 20.  For the reasons that follow, the Court hereby TRANSFERS this case to the Central District of California, where the first-filed case is pending.

**I.    LEGAL STANDARD**

     The "first-to-file" rule allows district courts to dismiss, stay, or transfer an action "when a similar complaint has already been filed in another federal court."  Alltrade, Inc. v. Uniweld Prods., Inc., 946F.2d 622, 623 (9th Cir. 1991).  The rule's purpose is to "avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of

---

[1] Litigation on this issue is an offshoot of the California Supreme Court's decision in Pineda v. Williams-Sonoma, holding that requesting and recording ZIP codes as part of consumer credit card transactions violates the Song Beverly Act.  246 P.3d 612 (Cal. 2011).

**United States District Court**
For the Northern District of California

1    conflicting judgments." <u>Church of Scientology v. United States Dep't of Army</u>, 611 F.2d

2    738, 749 (9th Cir. 1979).

3          Courts consider three factors in applying the first-to-file doctrine: (1) the order in

4    which the actions were filed; (2) similarity of the parties; and (3) similarity of issues.

5    <u>Alltrade</u>, 946 F.2d at 625.

6    **II.       DISCUSSION**

7          **A.       All Three of the First-to-File Factors Support Transfer**

8          This action is duplicative of an earlier filed lawsuit in the Central District of

9    California.  <u>Elan v. Bed Bath & Beyond, Inc.</u>, No. 2:11-cv-02293-SVW-SS.  BBB is the

10   Defendant in both cases, and although the named Plaintiffs differ, they seek to represent

11   essentially the same putative class of California consumers related to the same legal and

12   factual issue (alleged violations of the Song-Beverly Act by requiring customers to provide

13   personal identifying information to complete credit card transactions). <u>Compare</u> Bennett

14   Compl. ¶ 23 ("This lawsuit is brought on behalf of an ascertainable statewide class consisting

15   of all persons from whom Defendant requested and recorded personal identification

16   information in conjunction with a credit card transaction in California[.]"; <u>with</u> Elan Compl.

17   ¶ 9 ("Plaintiff brings this action on behalf of itself and on behalf of a Class consisting of . . .

18   all persons . . . who, in the course and scope of making a purchase at any BBB location

19   within the State of California, and paying by credit card, was required to provide personal

20   identifying information to BBB in order to receive merchandise from BBB, as a condition of

21   paying by credit card . . . .").

22         Thus, this case is subject to transfer pursuant to the first-to-file doctrine.  <u>See, e.g.</u>,

23   <u>Peak v. Green Tree Fin. Serv. Corp.</u>, No. C00-0953 SC, 2000 WL 973685, at *2 (N.D. Cal.

24   July 7, 2000) ("The proposed class in both cases is identically defined.  The alleged

25   offending behavior . . . is the same in both cases.  Furthermore, the claims for relief are

26   nearly identical in the two cases.  . . . .  The underlying objectives of the first to file rule will

27   be achieved by its application in this case.  Though the named plaintiffs are different, the

28   issues presented in this case sufficiently duplicate those presented to the Eastern District in

1    Bigelow to justify dismissing this case.  Allowing this case to proceed would both impede

2    judicial efficiency and run a significant risk of conflicting judgments.").

### B.    Plaintiff's Arguments Against Transfer Are Not Compelling

4          First, Plaintiff argues that transfer of her action would unduly prejudice her and the

5    putative class by denying them their choice of counsel.  Opp'n (dkt. 22) at 2-3.  This

6    argument is unpersuasive.  As a threshold matter, Plaintiff can still have her choice of

7    counsel if this case proceeds elsewhere.  Additionally, Plaintiff is likely a member of the

8    putative class in <u>Elan</u>.  She can elect to be a member of that class if it is certified or opt-out

9    and proceed with her own case using her own counsel.  Nor does Plaintiff have a right to

10   select counsel for the class any more so than the named plaintiff in <u>Elan</u> or any of the other

11   BBB cases.  <u>See generally</u> 32B Am. Jur. 2d Federal Courts § 1662 ("For a court to find that a

12   representative plaintiff will fairly and adequately protect the interests of the class, the court

13   must find that the representative plaintiff's counsel is qualified.") (citation omitted).

14         Second, Plaintiff asserts that this Court should not rule on BBB's Motion until the

15   Judicial Panel on Multi-District Litigation decides a pending motion to transfer all BBB

16   cases to this Court.  This argument flips the proper procedural approach on its head.  If this

17   Court grants BBB's Motion and transfers this case, it will aid the Panel in its decision on

18   whether to treat the BBB actions as an MDL and, if so, the court to which that MDL ought to

19   be assigned.  <u>See, e.g.</u>, <u>In re Republic of W. Ins. Co.</u>, 206 F. Supp. 2d 1364, 1365 (J.P.M.L.

20   2002) (denying motion to transfer where "reasonable prospect" existed that pending transfer

21   motions in district courts could resolve the multidistrict character of six related actions).

### C.    This Court Has Discretion To Order Transfer Rather Than Dismiss

23         Transfer is the proper course here under the first-to-file doctrine.  <u>See</u> <u>Elecs. for</u>

24   <u>Imaging, Inc. v. Tesseron, Ltd.</u>, No. C 07-05534, 2008 WL 276567, at *1 (N.D. Cal. Jan. 29,

25   2008) (transferring action based on interest of justice and noting that "'[c]onsideration of the

26   interest of justice, which includes judicial economy, may be determinative to a particular

27   transfer motion, even if the convenience of the parties and witnesses might call for a different

28   result.'") (quoting <u>Regents of the Univ. of Cal. v. Eli Lilly & Co.</u>, 119 F.3d 1159, 1565 (Fed.

**United States District Court**
For the Northern District of California

Cir. 1997); 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Plaintiff argues that the 1404(a) factors do not support transfer. This argument is beside the point and wrong. It is beside the point because the interest in judicial economy is enough to support transfer regardless of the other factors. Elecs. for Imaging, Inc. v. Tesseron, Ltd., No. C 07-05534, 2008 WL 276567, at *1. It is wrong because the 1404(a) factors – (1) parties' contacts with the forum and the relationship of claims to the forum; (2) ease of access to sources of proof; (3) difference in litigation costs; (4) conveniences of the parties and witnesses; and (5) plaintiff's choice of forum – are essentially neutral as between here and the Central District. See Alexander v. Franklin Res., Inc., No. C 06-7121 SI, 2007 WL 518859, at *2 (N.D. Cal. Feb. 14, 2007) (setting for 1404(a) factors). This is so because Plaintiff purports to represent a class of California consumers who engaged in commercial transactions at BBB stores throughout California. Neither the Northern District nor the Central District is demonstrably better situated to handle such a case. Moreover, as a putative class representative for a state-wide class, Plaintiff's forum choice is not entitled to the same degree of deference as an individual plaintiff pursuing her own claim on her own behalf. Billing v. CSA-Credit Solutions of Am., Inc., No. 10-cv-0108 BEN (NLS), 2010 WL 2542275, at *5 (S.D. Cal. June 22, 2010) ("[W]here as here, a plaintiff asserts his or her claims on behalf of a class, a plaintiff's choice of forum is given less weight.") (citing Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987)).

Thus, transferring this case to the Central District is the proper course. The first-filed case is progressing in the Central District, and that court is well situated to address this matter in connection with the matter(s) already on its docket.

//

//

//

//

4

**III.    CONCLUSION**

      For the foregoing reasons, this matter is TRANSFERRED to the United States District Court for the Central District of California.

      **IT IS SO ORDERED.**

Dated: July 22, 2011

                    CHARLES  R. BREYER
                    UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

G:\CRBALL\2011\2220\Order Granting Motion to Transfer.wpd

5